### JOHN W. FLEETHAM v. DENNIS THERRES.[1]

July 9, 1904.

Nos. 13,876—(170).

**Estrays—Damages.**

The damages to which a landowner is entitled in proceedings under chapter 19, G. S. 1894, for animals taken up by him as estrays, are limited to such as were committed by the animals at the time of and immediately preceding the trespass for which they were distrained.

**Tender—Care of Cows.**

At the time the cows in question were distrained by plaintiff, defendant tendered him the sum of $5 to cover the damages sustained. Plaintiff refused to accept the tender, and thereafter retained the cows in his possession for two days. It is *held* that his retention of the cows after the tender was wrongful, and plaintiff was under legal duty to exercise reasonable effort not only to take proper care of the cows, but to dispose of the milk received from them, and account for the proceeds to defendant.

**Query.**

Whether the distrainer in such case would be required to make such effort, if his retention of the cows was not wrongful, quære.

Action in the district court for Hennepin county to recover $106 for trespass. The case was tried before Pond, J., who found in favor of defendant for $1.40. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Geo. R. Smith* and *Paul J. Thompson,* for appellant.

*Frank H. Castner,* for respondent.

BROWN, J.

Plaintiff was the owner or in possession of a large tract of land, upon which a herd of cows owned by defendant strayed and trespassed. Plaintiff distrained the cows by authority of chapter 19, G. S. 1894, on the subject of estrays, and defendant tendered him soon thereafter the sum of $5 as payment for the damages committed by them. Plaintiff refused to accept the tender, and retained the cows for the period of two days; drawing from them during the time they were so in his possession large quantities of milk, which he either used, gave away, or

[1] Reported in 100 N. W. 377.

wasted. The cows were taken up on Saturday. The following Monday some sort of arrangement was made between the parties, by which the cows were returned to defendant without prejudice to the right of plaintiff to recover whatever damages he had suffered, in an action to be brought for that purpose. He subsequently brought this action, alleging the trespass committed by the cows on the day in question, and for a considerable period prior thereto; placing his damages at the sum of $106. Defendant answered, alleging that, for the trespass committed at the time the cows were taken up, he tendered plaintiff the sum of $5, which plaintiff refused to accept; that plaintiff thereafter wrongfully and unlawfully detained the cows, and wrongfully and unlawfully converted the milk taken from them to his own use, to defendant's damage in the sum of $100. The case came on for trial in the district court, and the court found that the cows trespassed upon plaintiff's premises; that they were distrained by him as estrays; that the sum of fifty cents covered the damage committed by them at the time of and immediately preceding the trespass for which they were taken up; that defendant tendered plaintiff the sum of $5 to cover the damages, which plaintiff refused to receive, and thereafter wrongfully detained the cows in his possession two days, receiving milk from them to the amount of two hundred sixty gallons, which, by the exercise of reasonable care, he could have disposed of for the sum of $23.40. The court also found that the prior trespasses upon plaintiff's premises by the same cows damaged plaintiff in the sum of $21.50, making his total damages $22. Judgment was ordered for defendant for the sum of $1.40, the balance due on defendant's counterclaim over and above the amount of damages.

Two questions only are presented for our consideration: (1) Whether, upon the question as to the sufficiency of the tender, plaintiff was entitled to have assessed in his favor all damages caused by the cows prior to the time they were distrained, or whether his damages, as to that feature of the case, should be limited to the acts committed by the cows at the time of and immediately preceding their distraint; (2) whether plaintiff was in duty bound, as a matter of law, if his detention of the cows after the tender was wrongful, to exercise reasonable effort to dispose of the milk received from them, and account for the proceeds to defendant.

1. We are of opinion that the trial court correctly disposed of the case. The damages plaintiff was entitled to have assessed in his favor were such as the cows committed immediately preceding their distraint. He would not have been entitled, had proceeding been carried on for the assessment of such damages before a justice of the peace, as required by statute, to have included therein any amount for prior trespasses. He could recover for such prior acts and trespasses only in an action brought for that purpose, and not in the estray proceeding before the justice of the peace.

2. Defendant having tendered plaintiff $5 to cover the damages committed by the cows immediately preceding the time they were distrained by plaintiff, and plaintiff having refused to accept the same—his damages in fact having been, as found by the trial court, only fifty cents—his retention of the cows thereafter was wrongful and unlawful. The trial court properly held that he was under legal duty to exercise every reasonable effort not only to take proper care of the cows, but to dispose of the milk received from them, and account for the proceeds to defendant. Plaintiff had the undoubted right to refuse the tender, if, in his judgment, the amount of damages exceeded the amount offered; but he did so at his own risk, and, having failed to establish that his damages exceeded the amount tendered, his continued retention of the cows was unlawful, for the tender operated as a release and discharge of his lien. Whether plaintiff would have been required to make reasonable effort to dispose of the milk received from the cows, and account for the proceeds to defendant, if his possession had been rightful—i. e., if the tender of damages by defendant was inadequate and less than plaintiff was entitled to—we need not determine. The findings of the court are sustained by the evidence, and judgment was properly ordered for defendant.

Judgment affirmed.